MAY MAGEE, as Administratrix of D'ARCY MAGEE, Deceased, Respondent, *v.* NEW YORK TELEPHONE COMPANY and STATEN ISLAND MIDLAND RAILWAY COMPANY, Appellants.

Negligence — action against street railway company and telephone company, which had adjacent lines of wire, for death of lineman caused by shock of electricity from feed wire of railway company — when railway company not liable.

A street railway company had lawfully maintained, for a number of years, an insulated feed wire strung upon poles along a public highway. A telephone company which had a line of wires supported by poles along the same highway strung a guy wire from the top of one of its poles to the ground. This guy wire passed above the feed wire of the railway company and a short distance therefrom. There was a circuit breaker on the guy wire below the feed

wire but none above it.  A lineman of the telephone company while working on the telephone pole, to which the guy wire was attached, received a shock of electricity, and falling to the ground received injuries from which he died.  In an action for the death of the lineman against both companies, the plaintiff alleged that her intestate's death was caused by contact of the guy wire with the feed wire of the railway company, from which, owing to defective insulation, electricity escaped to the guy wire, thereby producing the shock which caused the lineman's injuries.  *Held*, that the accident was caused by the act of the telephone company in placing the guy wire near the feed wire; that the railway company could not control such act and there is no evidence it was negligent, and it is not responsible for the death of the decedent.

*Magee* v. *N. Y. Telephone Co.*, 155 App. Div. 889, modified.

(Argued November 18, 1914; decided December 18, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 21, 1913, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.  The decision of the Appellate Division as to the liability of the telephone company was unanimous, but as to the liability of the railway company it was not.  Permission to appeal to this court was granted to the former.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alexander Cameron, N. Hillyer Egleston* and *Charles T. Russell* for New York Telephone Company, appellant.

*Frederick S. Fisher* and *Bertram G. Eadie* for Staten Island Midland Railway Company, appellant.  The plaintiff failed to prove negligence on the part of the said defendant.  (*Estabrook* v. *Newburgh L., H. & P. Co.*, 141 App. Div. 683; *Geer* v. *N. Y. & P. Tel. & Tel. Co.*, 144 App. Div. 874.)

*Frederick N. Van Zandt* for respondent.  The affirmance having been unanimous as to the telephone com-

pany, the Court of Appeals cannot even consider whether there was any evidence to support the verdict against the telephone company but must assume the existence of such evidence. (*Reed* v. *McCord*, 160 N. Y. 330; Cardozo on Appeals, § 109.) The evidence justified the finding that both defendants were negligent. (*Paine* v. *Electric Il. & P. Co.*, 64 App. Div. 477; *Wagner* v. *B. H. R. Co.*, 69 App. Div. 349; 174 N. Y. 520; *Horning* v. *Hudson River Tel. Co.*, 111 App. Div. 122; 186 N. Y. 552; *Dutcher* v. *Rockland Electric Co.*, 123 App. Div. 765; 195 N. Y. 540; *Braun* v. *Buffalo Gen. Elec. Co.*, 200 N. Y. 484.)

HOGAN, J. Plaintiff's intestate was a lineman in the employ of the telephone company and died as the result of injuries sustained as hereinafter mentioned.

On Manor road, between Richmond turnpike and Cherry lane, borough of Richmond, the railway company had lawfully maintained for a number of years, as a part of the equipment in the operation of a street railroad, poles upon which an insulated feed wire was strung which carried a voltage of about five hundred fifty volts. The feed wire at the time of the accident had been in use for fourteen years. The telephone company also maintained a line of telephone wires along the same highway supported on poles, which were near to the poles maintained by the railway company. One of the poles of the telephone company was marked "S, 123." In June, 1911, the telephone company strung a guy wire from the top of the pole "S, 123" to the ground. The guy wire passed above the feed wire of the railway company and replaced a guy wire which had at some time been upon the pole, but for what length of time or at what particular place the evidence does not clearly indicate. Subsequently the telephone company put a lead-covered cable containing two hundred wires upon the poles. It was attached to pole "S, 123" on the west side

of the road and thence to another pole across the street. The telephone poles at the same time carried a smaller cable and the guy wire was placed on the pole to strengthen the pole against the added strain which the cable would cause.

On October 4th, 1911, plaintiff's intestate, then in the employ of the telephone company, was engaged at his work on pole "S, 123" in putting a "serving" on the cable where it turned around the pole, to prevent the cable rubbing against the pole.    While thus at work it is alleged he received a shock of electricity caused by contact between the guy wire and the feed wire of the railway company, due to the insulation of the latter wire having become worn, and, as a result of the shock, the intestate was rendered helpless to save himself, fell to the ground and death ensued.    The telephone company had placed a circuit breaker on the guy wire below the elevation of the feed wire of the railway company, but no circuit breaker had been placed on the guy wire above the level of the feed wire.

The unanimous affirmance of the judgment against the telephone company by the Appellate Division inhibits our review of the liability of that defendant upon the facts. The exceptions called to our attention do not warrant our interference with that judgment, and the judgment against the telephone company should be affirmed.

As to the railway company, we think the judgment must be reversed.    The poles and feed wire of the latter company were lawfully upon the highway.    The feed wire had been in position for fourteen years, and no evidence was produced upon the trial tending to show any affirmative act of negligence on the part of the railway company. Plaintiff relied upon the fact that the feed wire was subject to sway and came in contact with the guy wire of the telephone company and thereby the insulation of the feed wire was worn off, permitting the current from the same to pass along the guy wire, and that there was a

failure on the part of the railway company to exercise care in the inspection of the feed wire.

The poles of the two companies were from three to five feet apart. The telephone company erected the guy wire after June, 1911, for the purpose of supporting the pole for its business. The railway company could not control the location of the guy wire. So far as the record discloses, when the railway company erected its poles and placed the feed wire thereon there were no wires of the telephone company with which it could come in contact. The accident was caused by the act of the telephone company in placing the guy wire in proximity to the feed wire, and realizing as it did that contact might ensue it placed a circuit breaker on the guy wire below the feed wire to prevent accidents to persons on the highway, but omitted to place a circuit breaker on the guy wire above the feed wire, the presence of which might have avoided the accident. Had not the guy wire been erected by the telephone company, even assuming that the insulation of the feed wire had been worn off as claimed by plaintiff, the plaintiff's intestate would have been free from danger of accident. There is no evidence how the insulation wore off nor how long the defect had existed. The most plausible hypothesis suggests that it had existed only a short time. We are of opinion that the evidence fails to disclose facts from which the breach of any duty on the part of the railway company towards the plaintiff can be found; and as against the railway company the judgment should be reversed.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK and CARDOZO, JJ., concur; WERNER, J., not voting.

Judgment against the New York Telephone Company affirmed, with costs.

Judgment against the Staten Island Midland Railway Company reversed and a new trial granted, costs to abide event.